RICHARD CARDINALE
ATTORNEY AT LAW
26 COURT STREET, SUITE 1507
BROOKLYN, NEW YORK 11242
(718)624-9391
RICHCARDINALE@GMAIL.COM

**MEMO ENDORSED**

November 29, 2021

The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

      Re:  *Alvarado, et al v. United Hospice, et al.*, 7:20-CV-10790 (KMK)

Dear Judge Karas:

      Plaintiffs write to request reconsideration of the order issued today, November 29, 2021, denying plaintiffs' request for a short extension of discovery to take three non-party depositions and obtain what appears to be some outstanding discovery. This letter is also submitted in support of plaintiffs' motion to preclude defendants from taking any additional depositions if discovery is not extended. We wish to inform the Court that plaintiffs intended to reply to defendants' letter filed today, but we were not available to do so until after the order denying the extension was issued.

      Defense counsel has submitted no case law that states that new counsel is bound by a representation by prior outgoing counsel. Moreover, plaintiffs' prior counsel informed me today that defense counsel previously represented to him that he would produce the three witnesses plaintiffs wish to depose as they are presently employed by defendant United Hospice. Defense counsel appears to be taking unfair advantage of plaintiffs and attempting to damage their case through the substitution of counsel.

      Further, defense counsel knows neither myself nor my co-counsel, Stephen Bergstein, yet he disparages us as being unprepared for not being able to proceed with the depositions before December 13, 2021. This is an unreasonable demand as the plaintiffs signed retainers right before we submitted our notices of appearance and we emailed defense counsel promptly after that regarding the depositions and discovery. Defense counsel also partially blames the length of discovery on the fact that defendants deposed plaintiffs twice (as if that was plaintiffs' fault) and that plaintiffs' prior counsel had to reschedule the three non-party witnesses for "personal reasons."

      The Court should not countenance such unfair conduct by defense counsel and should ensure that defendants do not succeed in creating an uneven playing field for plaintiffs. *See N.J. Carpenters Health Fund v. Residential Capital, LLC*, No. 08 CV 8781, 2010 U.S. Dist. LEXIS 135261, at *12 (S.D.N.Y. Dec. 21, 2010); ("Litigation in the Federal Court is not a 'game of 'gotcha' but rather its goal is to try cases on their merits."); *Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("[T]the over-arching purpose of the discovery rules is to

'encourage the disclosure of information and materials to avoid unnecessary surprise and to level the playing field' for both parties to the litigation.") (citation omitted); *Cornell Research Found., Inc. v. Hewlett-Packard Co.*, No. 5:01CV1974, 2006 U.S. Dist. LEXIS 97054, 2006 WL 5097357, at *8 (N.D.N.Y. Nov. 13, 2006), *order clarified*, 2007 WL 4324094 (N.D.N.Y. May 16, 2007), *aff'd sub nom., Cornell Univ. v. Hewlett-Packard Co.*, 2007 WL 4302778 (N.D.N.Y. July 23, 2007) ("The court has consistently reminded the parties that one of its goals, in carrying out its discovery oversight responsibilities, has been to ensure a level playing field for both sides."); *Inferrera v. Wal-Mart Stores, Inc.*, No. CIV. 11-5675, 2011 U.S. Dist. LEXIS 146007, 2011 WL 6372340, at *2 (D.N.J. Dec. 20, 2011) ("The Court will not authorize 'gotcha games.'").

As for defendants' final argument that the two individual defendants will be "significantly inconvenienced" if discovery is extended, plaintiffs intend to depose the three non-party witnesses *remotely*. Thus, it is difficult to understand defense counsel's assertion that the two individual defendants will be inconvenienced as they can watch the three depositions from their homes or they can watch them later at their convenience. We have no intention of conducting the depositions near the holidays if this concerns the individual defendants. We also do not intend for these depositions to be lengthy.

Finally, in the event that this Court declines to extend discovery, we request that defendants not be allowed to take any additional depositions as they plan to depose a non-party, Marissa Kuropatkin. We refer the Court to defendants' letter to the Court, dated November 23, 2021, where defense counsel indicates that he will consent to an extension of discovery for the limited purpose of taking the deposition of Marissa Kuropatkin. That statement not only displays a lack of fairness, it undermines defense counsel's entire argument that prejudice and "significant inconvenience" will ensue if discovery is extended.

Motion for reconsideration is denied. The Court can and did rely on outgoing counsel's representation that his withdrawal would not affect discovery. New counsel is charged with knowing what the record is when assuming representation of this case. As for the uneven playing field, discovery is done for both sides.

So Ordered.
12/2/21
Copy: All counsel

Respectfully,

*Richard Cardinale*

Richard Cardinale
Stephen Bergstein

2